UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

FILED by _RAL_ D.C.
INTAKE
JAN 13 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

DWFII CORPORATION, d/b/a FALLS CHIROPRACTIC
HEALTH CENTER, a Florida corporation, a/a/o
Christopher Obioha and a/a/o Alex Rodriquez, on
behalf of itself and all others similarly situated,

   Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, a foreign corporation, and STATE FARM
FIRE AND CASUALTY COMPANY, a foreign
corporation,

   Defendants.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, DWFII CORPORATION, d/b/a FALLS CHIROPRACTIC HEALTH CENTER, a Florida corporation, a/a/o Christopher Obioha and a/a/o Alex Rodriquez, brings this action on behalf of itself and on behalf of similarly situated entities and/or persons (defined in paragraph 1 of this Complaint), against Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ("State Farm Auto") a foreign corporation, and STATE FARM FIRE AND CASUALTY COMPANY ("State Farm Fire"), a foreign corporation, (collectively "Defendants") and alleges:

### PRELIMINARY STATEMENT

1. This is a class action. Plaintiff seeks damages, declaratory relief, and injunctive relief, on its behalf and on behalf of two classes ("Class 1" and "Class 2") of others similarly situated in Florida, as follows:

**CLASS 1** - Medical providers who provided medical treatment for individuals (their patients) who: (1) had been involved in and suffered injuries as a result of a motor vehicle accident; (2) had a contract of insurance with the Defendant State Farm Auto or State Farm Fire or were eligible to receive benefits from the Defendants; and (3) were wrongfully denied personal injury protection reimbursement and/or medical payments benefits by the Defendants for the medical treatment provided by the medical provider, through the Defendants' improper use of the National Correct Coding Initiative (NCCI) edits.

**CLASS 2** - Individuals who: (1) had been involved in and suffered injuries as a result of a motor vehicle accident; (2) had a contract of insurance with the Defendant State Farm Auto or State Farm Fire or were eligible to receive benefits from the Defendants; and (3) were wrongfully denied personal injury protection reimbursement and/or medical payments benefits by the Defendants for the medical treatment provided by medical provider, through the Defendants' improper use of the National Correct Coding Initiative (NCCI) edits.

Plaintiffs allege that the Defendants denied reimbursement for medical treatment provided under the Florida No Fault (PIP) Act. Fla. Stat. § 627.736 et seq. Defendants, through a company-wide practice throughout the State of Florida, have improperly utilized the National Correct Coding Initiative ("NCCI") edits in adjusting Florida PIP claims. The use of NCCI edits is expressly forbidden by Fla. Stat. § 627.736(5), is a violation of the statute, and also results in a breach of the contracts entered into between the Defendants and their insureds, as well as those entitled to receive benefits under the Defendants' insurance policies.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

2. This is a civil action brought under Florida state law compelling the Defendant to provide -- retrospectively, currently and prospectively – reimbursement and payment for overdue PIP benefits and excess medical payment benefits, as provided by Fla. Stat. § 627.736 and the applicable policies of insurance. This civil action also seeks injunctive relief, declaratory relief, recovery of damages, costs and attorneys' fees incurred in undertaking this action.

3. This Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 29 U.S.C. §§ 1332(a) and 1332(d)(2).

4. Venue is proper in Miami-Dade County, Florida pursuant to 29 U.S.C. § 1132(e)(2), because all or part of the wrongful conduct and/or transactions alleged herein occurred in the State of Florida and more specifically, in this District, where the Defendant conducts business by providing motor vehicle insurance coverage to its insureds.

5. Any and all conditions precedent to the maintenance of this action have been met.

## PARTIES & FACTS GIVING RISE TO CAUSE OF ACTION

### Plaintiff

6. Plaintiff DWFII CORPORATION, d/b/a FALLS CHIROPRACTIC HEALTH CENTER, a/a/o Christopher Obioha and a/a/o Alex Rodriquez, is a Florida corporation, with a mailing address of and principal place of business located at 13813 South Dixie Highway, Miami, Florida. At all times relevant hereto, the Plaintiff operated a medical clinic devoted to the provision of chiropractic care.

7. Plaintiff DWFII has standing to bring these claims pursuant to an Assignment of Benefits/Policy Rights entered into between Plaintiff and its patients who had a right to personal

injury protection benefits under its or another individual's motor vehicle contract of insurance with Defendants. See Exhibits A and B.

### Defendants

8.  Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ("State Farm Auto") is an Illinois corporation that conducts business in Miami-Dade County and throughout Florida. Its principal place of business located at 1 State Farm Plaza, Bloomington, Illinois 61710.

9.  Defendant STATE FARM FIRE AND CASUALTY COMPANY, ("State Farm Fire") is an Illinois corporation that conducts business in Miami-Dade County and throughout Florida. Its principal place of business located at 1 State Farm Plaza, Bloomington, Illinois 61710.

10. At all times relevant hereto, Defendants acted as an insurer and third-party claims administrator for thousands of individual residents in the State of Florida.

11. In a manner common to all of the class members, Defendants refused to provide reimbursement and payment for overdue PIP benefits and excess medical payment benefits, as required by Fla. Stat. § 627.736 et seq, as well as the applicable policies of insurance.

12. Defendants have established and carried out a deliberate company-wide policy of denying claims via the improper use of the National Correct Coding Initiative ("NCCI") edits, which edits are used by Medicare in adjusting Medicare Part B claims, but are expressly prohibited from use in Florida PIP actions.

13. Defendants' refusal to provide payment for medical treatment is 1) in violation of its own insurance policies and 2) constitutes a violation of Fla. Stat. §§ 627.736 et seq.

### Facts

14. On June 15, 2009, a patient of Plaintiff DWFII's, Alex Rodriguez, was

involved in a motor vehicle accident and suffered injuries which required medical treatment.

15. Pursuant to Defendant, State Farm Fire's motor vehicle insurance policy #433272559 issued to William Sanchez, Mr. Rodriguez was eligible for personal injury protection benefits. Plaintiff is not in possession of the policy of insurance and therefore, cannot attach same to the Complaint at this time.

16. On four dates between June 24, 2009 and July 14, 2009, Plaintiff DWFII provided medical services and treatment to Mr. Rodriguez.

17. Defendant State Farm Fire paid the Plaintiff's claims for medical treatment for Mr. Rodriguez, except those involving CPT[1] code 97124 (therapeutic massage), electing to deny reimbursement for this treatment based upon an erroneous and improper reliance on NCCI's utilization limitations for Medicare Part B reimbursement.

18. On July 21, 2009, a patient of Plaintiff DWFII's, Christopher Obioha, was involved in a motor vehicle accident and suffered injuries which required medical treatment.

19. Pursuant to Defendant, State Farm Auto's motor vehicle insurance policy #158572759 issued to Dorothy Obioha, Christopher Obioha was eligible for personal injury protection benefits and excess medical payment benefits. Plaintiff is not in possession of the policy of insurance and therefore, cannot attach same to the Complaint at this time.

20. On several dates between August 4, 2009 and October 21, 2009, Plaintiff DWFII provided medical services and treatment for Mr. Obioha.

21. Defendant State Farm Auto paid the provider's claims for medical treatment for Mr. Obioha, except those involving CPT code 97124, electing to deny reimbursement

---

[1] All statements and bills for medical services rendered by a medical provider generally follow the Physician's Current Procedural Terminology (CPT) or Healthcare Correct Procedural Coding System (HCPCS).

for this treatment based upon an erroneous and improper reliance on NCCI's utilization limitations for Medicare Part B reimbursement.

22. Florida Statutes §§ 627.736(1) and 1(a) state that "Every [motor vehicle] insurance policy [ . . . ] **shall** provide personal injury protection [ . . . ] as follows: Eighty percent of all reasonable expense for medically necessary medical, surgical, X-ray, dental and rehabilitative services, and medically necessary ambulance, hospital, and nursing services." (emphasis added).

23. The Statute, in Subsection §§ 627.736(5)(A)(2)(f), further sets forth that when adjusting a claim, an insurer may limit reimbursement of that claim to 80% of 200% of the allowable amount under the applicable Medicare Part B Fee Schedule, and if the procedure is not reimbursable under Medicare Part B, then the insurer may limit reimbursement to 80% of the maximum allowance under the applicable workers' compensation fee schedule.

24. Florida Statutes §§ 627.736(5)(A)(4), however, puts a strict limitation on the manner in which an insurer may utilize the Medicare Part B fee schedule. This subsection *expressly prohibits* an insurer from applying "any limitation on the number of treatments or other utilization limits that apply under Medicare or worker's compensation."

25. Representative Plaintiff, DWFII, sent a "thirty day demand letter" for each assignor herein, to Defendants in compliance with Fla. Stat. § 627.736(10), seeking payment for overdue PIP benefits and excess medical payment benefits, but Defendants refused to pay the amounts due for the medical treatment.

26. On information and belief, Defendants State Farm Auto and State Farm Fire continue to deny reimbursement via the improper use of NCCI utilization limitations and edits.

## **CLASS ACTION ALLEGATIONS**

27. Plaintiff brings this class action against Defendants pursuant to Rule 23, Federal Rule of Civil Procedure, individually and on behalf of two classes of entities and/or persons:

**CLASS 1** - <u>Medical providers</u> who provided medical treatment for individuals (their patients) who: (1) had been involved in and suffered injuries as a result of a motor vehicle accident; (2) had a contract of insurance with the Defendant State Farm Auto or State Farm Fire or were eligible to receive benefits from the Defendants; and (3) were wrongfully denied personal injury protection reimbursement and/or medical payments benefits by the Defendants for the medical treatment provided by the medical provider, through the Defendants' improper use of the National Correct Coding Initiative (NCCI) edits.

**CLASS 2** - <u>Individuals</u> who: (1) had been involved in and suffered injuries as a result of a motor vehicle accident; (2) had a contract of insurance with the Defendant State Farm Auto or State Farm Fire or were eligible to receive benefits from the Defendants; and (3) were wrongfully denied personal injury protection reimbursement and/or medical payments benefits by the Defendants for the medical treatment provided by the medical provider, through the Defendants' improper use of the National Correct Coding Initiative (NCCI) edits.

Excluded from the Classes are Defendants herein, and any person, parent, subsidiary, affiliate, firm, trust, corporation, or other entity related to or affiliated with Defendants, including without limitation persons or controlled persons of Defendants, as well as officers, directors, agents, servants or employees of Defendants, and the immediate family member of any such person.

28. The class period commences January 1, 2008, through the date of the entry of a final judgment.

29. This action is properly maintained as a class action. The proposed Classes satisfy the numerosity, commonality, typicality, adequacy and superiority requirements for maintaining a class action.

30. The Classes are so numerous that joinder of all members is impracticable. While the exact number of the members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery, and Plaintiff is informed and believes that the Class includes at least hundreds of members.

31. There are questions of law and fact that are common to the Classes. Those common questions predominate over any questions that might affect any individual Class member. These questions include, but are not limited to:

    a. Whether Defendants' denial of payment/reimbursement of payment for personal injury protection ("PIP") benefits and excess medical payments based on the improper application of NCCI utilization limitation edits is wrongful and violates the express provisions of the Florida PIP Statute as well as the terms of the insurance policies issued to their insureds;

    b. Whether the members of the Class have been damaged by Defendants' conduct;

    c. Whether the members of the Class have sustained damages and are entitled to relief as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution;

    d. Whether members of the Class are entitled to declaratory relief affirmatively stating that Defendants' use of NCCI utilization limits to deny payment for personal injury protection and medical payments benefits is a violation of the Fla. Stat. §§ 627.736 et seq., and a breach of contract;

    e. Whether the members of the Class are entitled to injunctive relief in the form of an Order affirmatively ordering the Defendants to permanently cease and desist denying payment of personal injury protection benefits on the basis of paragraph "a" above.

32. Plaintiff will fairly and adequately protect the interests of the Classes and have retained counsel experienced and competent in the prosecution of class action litigation.

33. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

34. A class action will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. If a Class or general public action is not permitted, Class members will continue to suffer losses and Defendants' misconduct will continue without proper remedy.

35. Defendants continue to act and/or refuse to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to each Class as a whole.

## COUNT I
## Breach of Contract

36. Plaintiffs adopt and reallege paragraphs 1 through 35 as if fully alleged herein.

37. Defendants and their insureds entered into valid contracts of insurance that included personal injury protection benefits and in some instances medical payments coverage.

38. Plaintiff, as well as all those defined in Class 1 and Class 2 above, are eligible to recover PIP and in some instances Medical Payments benefits on the above-described policies.

39. Plaintiff, as well as Class 1 and Class 2 members, have timely submitted claims under the Florida No-Fault Act and Personal Injury Protective coverage (and in some instances Medical Payments coverage), but Defendants have improperly denied their claims based upon the erroneous reliance on the NCCI edits.

40. By failing to provide reimbursement for PIP and Medical Payments benefits, Defendants have materially breached the contracts of insurance as well as the strict provisions of the Florida No-Fault Act.

41. Plaintiff and the members of Class 1 and Class 2 have suffered damages as a result of Defendants' breach.

## COUNT II
## Declaratory and Injunctive Relief
## Violation of Florida Statutes § 627.736 et seq.

42. Plaintiff adopts and realleges paragraphs 1 through 35 as if fully alleged herein.

43. Florida Statutes §§ 627.736(1) and 1(a) states, in pertinent part:

> "Every [motor vehicle] insurance policy [ . . . ] **shall** provide personal injury protection [ . . . ] as follows:
>
> Eighty percent of all reasonable expense for medically necessary medical, surgical, X-ray, dental and rehabilitative services, and medically necessary ambulance, hospital, and nursing services." (emphasis added).

44. The Statute, in Subsection §§ 627.736(5)(a)(2)(f), further sets forth that when adjusting a claim, an insurer may limit reimbursement of that claim to 80% of 200% of the allowable amount under the applicable Medicare Part B Fee Schedule, and if the procedure is not reimbursable under Medicare Part B, then the insurer may limit reimbursement to 80% of the maximum allowance under the applicable workers' compensation fee schedule.

45. Florida Statutes §§ 627.736(5)(A)(4), however, puts a strict limitation on the

manner in which an insurer may utilize the Medicare Part B fee schedule. This subsection *expressly prohibits* an insurer from applying "any limitation on the number of treatments or other utilization limits that apply under Medicare or workers' compensation."

46. Defendants denied payment or reimbursement for all or part of medical treatment provided by Plaintiff, based upon an erroneous and improper reliance on NCCI's utilization limitations for Medicare Part B reimbursement.

47. Plaintiff and the members of Class 1 and 2 are entitled to a declaration that Defendants improperly denied payment or reimbursement for medical treatment provided, in violation of Fla. Stat. § 627.736 et seq., and an Order ordering that the Defendants shall provide payment for all overdue and future personal injury protection benefits and excess medical payment benefits, as mandated by the law.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court, for themselves and all members of Class 1 and 2:

A. Certify the Classes;

B. Enter an Order granting permanent injunctive relief, and supplemental declaratory relief, and awarding consequential damages flowing from the violation of Fla. Stat § 627.736 et seq.;

C. Appoint the undersigned as lead counsel for the Classes;

D. Award the Plaintiffs and Classes actual damages;

E. Award the Plaintiffs pre-judgment interest, as well as all interest on any past benefits not timely paid pursuant to Fla. Stat. § 627.736(4)(d);

F. Award reasonable attorneys' fees, filing fees, expert fees and costs of suit to counsel based upon the benefit received by the Plaintiff and the Classes, as well

as pursuant to  Fla. Stat. § 627.428, Fla. Stat. § 627.736(8), § 92.231 and Fla. Stat. § 57.041; and

G.   Award any further relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

48.   Plaintiff demands a trial by jury on all issues triable as of right by a jury.

Dated this 12th day of January, 2010.

>BARON & HERSKOWITZ
>One Datran Center
>9100 South Dadeland Blvd.
>Penthouse 1, Suite 1704
>Miami, Florida 33156
>(305) 670-0101; (305) 670-2393 Fax
>
>By: _____
>**Jon M. Herskowitz**
>Fla. Bar No. 814032
>
>*and*
>
>GROSSMAN ROTH P.A.
>2525 Ponce de Leon Blvd
>Coral Gables, Florida 33134
>(305) 442-8666; (305) 285-1668 Fax
>**Seth Miles**
>Fla. Bar No.: 385530
>
>*and*
>
>SAMOLE, BERGER & HICKS, P.A.
>9700 South Dixie Highway
>Suite 1030
>Miami, Florida 33156
>(305) 670-5070; (305) 670-5023 Fax
>**Martin I. Berger**
>Fla. Bar. No. 959472
>**Zachary A. Hicks**
>Fla. Bar. No. 016606

DWF II Corporation d/b/a
Falls Chiropractic Health Center
13813 South Dixie Highway
Miami, Fl. 33176

ASSIGNMENT OF BENEFITS/POLICY RIGHTS

Patient:

I, The undersigned patient assigns the rights and benefits of insurance of the applicable personal injury protection, medical payments, and or other insurance to DWF II Corp. d/b/a Falls Chiropractic Health Center, for services and or supplies rendered for treatment of personal injuries sustained in the incidents of (date of occurrence) 7/21/09 to the undersigned patient and covered by Personal Injury Protection (PIP) Coverage or other insurance under (insured's name) Dorothy Obioha in accordance with Florida Statute 627.736(5). The undersigned agrees to pay any applicable deductible or co-payment not covered by the PIP or other insurance coverage. I have read the information herein and is true to the best of my knowledge and belief:

This assignment includes, but is not limited to, all rights to collect benefits directly from the insurance company for services that I have received and all rights to proceed against the insurance company obligated to provide benefits in any action including legal suit of for any reason the insurance company fails to make payments of benefits to which I am due. Specifically, this assignment includes the right to collect payment for the reasonable costs connected with copying and mailing records to the insurers request and in accordance with Florida Statute 627.736 (6). This assignment also includes any right to recover attorney's fees and costs for such action brought by the provider as Patient's assignee. I agree that DWF II Corp. d/b/a Falls Chiropractic Health Center may select any attorney handling my personal injury/bodily injury claim or case.

As a part of this agreement of rights and benefits, which only becomes binding upon the insurance carrier upon their receipt of said assignment after it having been executed and dated by the Health Care provider, I hereby instruct the insurance carrier that in the event the subject medical benefits are disputed for any reason, including medical reasonableness and or necessity, that the amount benefits claimed by DWF II Corp. d/b/a Falls Chiropractic Health Center, is to be set aside and not disturbed until the dispute is resolved. As part of this assignment of rights and benefits, I further instruct the insurance carrier to notify the provider immediately of any dispute as to payment so that he/she/it may exercise their legal rights. I understand that any person who knowingly and with intent to injure, defraud or deceive any insurance company files a statement containing any false, incomplete or misleading information is guilty of a felony in the third degree. I have the information herein and it is true to the best of my knowledge and belief.

X _____     7/28/09
Patient Signature:                Date:

Chris Obioha
Print Patient's Name:

---

PROVIDER:
The undersigned on behalf of DWF II Corp. d/b/a/ Falls Chiropractic Health Center hereby accepts assignment of the insurance rights and benefits for the service rendered to (patients name) Christopher Obioha
And to be paid directly to DWF II Corp. d/b/a Falls Chiropractic Center under (insured's name) Dorothy Obioha, Personal Injury Protection (PIP) or other insurance coverage with (insurance company's name) Statefarm and in accordance with Florida Statute 627.736 et Seq..(5)

DWF II Corporation d/b/a
Falls Chiropractic Health Center
13813 South Dixie Highway
Miami, Fl. 33176

## ASSIGNMENT OF BENEFITS/POLICY RIGHTS

**Patient:**

I, The undersigned patient assigns the rights and benefits of insurance of the applicable personal injury protection, medical payments, and or other insurance to DWF II Corp. d/b/a Falls Chiropractic Health Center, for services and or supplies rendered for treatment of personal injuries sustained in the incidents of (date of occurrence) 6/15/2009 to the undersigned patient and covered by Personal Injury Protection (PIP) Coverage or other insurance under (insured's name) William Sanchez in accordance with Florida Statute 627.736(5). The undersigned agrees to pay any applicable deductible or co-payment not covered by the PIP or other insurance coverage. I have read the information herein and is true to the best of my knowledge and belief:

This assignment includes, but is not limited to, all rights to collect benefits directly from the insurance company for services that I have received and all rights to proceed against the insurance company obligated to provide benefits in any action including legal suit of for any reason the insurance company fails to make payments of benefits to which I am due. Specifically, this assignment includes the right to collect payment for the reasonable costs connected with copying and mailing records to the insurers request and in accordance with Florida Statute 627.736 (6). This assignment also includes any right to recover attorney's fees and costs for such action brought by the provider as Patient's assignee. I agree that DWF II Corp. d/b/a Falls Chiropractic Health Center may select any attorney handling my personal injury/bodily injury claim or case.

As a part of this agreement of rights and benefits, which only becomes binding upon the insurance carrier upon their receipt of said assignment after it having been executed and dated by the Health Care provider, I hereby instruct the insurance carrier that in the event the subject medical benefits are disputed for any reason, including medical reasonableness and or necessity, that the amount benefits claimed by DWF II Corp. d/b/a Falls Chiropractic Health Center, is to be set aside and not disturbed until the dispute is resolved. As part of this assignment of rights and benefits, I further instruct the insurance carrier to notify the provider immediately of any dispute as to payment so that he/she/it may exercise their legal rights. I understand that any person who knowingly and with intent to injure, defraud or deceive any insurance company files a statement containing any false, incomplete or misleading information is guilty of a felony in the third degree. I have the information herein and it is true to the best of my knowledge and belief.

X _[signature]_    Date: 6/14/09

Patient Signature:

Print Patient's Name: Alexander Rodriguez

---

**PROVIDER:**

The undersigned on behalf of DWF II Corp. d/b/a/ Falls Chiropractic Health Center hereby accepts assignment of the insurance rights and benefits for the service rendered to (patients name) Alexander Rodriguez And to be paid directly to DWF II Corp. d/b/a Falls Chiropractic Center under (insured's name) William Sanchez  Personal Injury Protection (PIP) or other insurance coverage with (insurance company's name) State Farm  and in accordance with Florida Statute 627.736 et Seq..(5)